UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

Case No. 4:21-CV-00164-MW-MJF

JONATHAN MULLANE,

    *Plaintiff,*

v.

JAMES T. ALMON and     **Trial by Jury Demanded**
MICHELE A. GAVAGNI,

    *Defendants.*

_____/

## FIRST AMENDED VERIFIED COMPLAINT

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff"), and complaining of Defendants Michele A. Gavagni (hereinafter, "Gavagni"), in her individual and official capacities, and James T. Almon (hereinafter, "Almon"), in his individual and official capacities, (collectively, "Defendants"), hereby brings this "facial" and "as-applied" constitutional challenge to the "Rules of the Supreme Court Relating to Admissions to the Bar" of the State of Florida pursuant to *inter alia* U.S. Const., Amend. I and XIV, together with U.S. Const. Art. VI, Cl. 2 ("Supremacy Clause").

Plaintiff respectfully prays for equitable relief against Defendants in their individual and official capacities, together with the appropriate monetary damages

FILED USDC FLND TL
JUN 4 '21 AM10:24



against Defendants solely in their individual capacities. As and for his First Amended Verified Complaint, Plaintiff avers as follows:

## PARTIES

1.  Plaintiff is a natural person and citizen of the Commonwealth of Massachusetts.

2.  Defendant Michele A. Gavagni is a natural person and citizen of the State of Florida. At all times relevant hereto, Gavagni served, and continues to serve, as Executive Director of the Florida Board of Bar Examiners (hereinafter, "FBBE"). Defendant Gavagni resides at 2104 Napoleon Bonaparte Drive, Tallahassee, Florida.

3.  Defendant James T. Almon ("Almon") is a natural person and citizen of the State of Florida. At all times relevant hereto, Almon served, and continues to serve, as General Counsel of the FBBE. Defendant Almon resides at 3519 Westford Drive, Tallahassee, Florida.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and U.S. Const., Art. III.

5.  This Court has general personal jurisdiction over Defendants herein, as each Defendant is a citizen of the State of Florida.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, and because Defendants reside in this District.

## **MATERIAL FACTS**

### **Introduction and Procedural History.**

7.    On or around **February 16, 2018**, Plaintiff submitted a petition for admission to the Florida bar.

8.    At all times relevant hereto, the said Petition was reviewed and processed by Defendants Gavagni and Almon personally.

9.    Defendants Gavagni and Almon are both tasked with, *inter alia*, the enforcement of the "Rules of the Supreme Court Relating to Admissions to the Bar" of the State of Florida.

10.   On or around September 7, 2018, Plaintiff filed a certain complaint which initiated the non-public and confidential proceeding specifically referenced and referred to in Ex. 1 [UNDER SEAL], appended hereto. Ex. 1, in its entirety, is hereby reincorporated by reference as if fully set forth and described herein.

11.   The non-public proceeding referred to in Ex. 1 remains open and ongoing to-date.

12.   The non-public proceeding referred to in Ex. 1 is a federal court proceeding, the statutory scheme therefor being set forth, and expressly provided for, in the applicable federal statute.

13.   With the written permission of the appropriate persons, Plaintiff timely provided written notice of the above-mentioned proceeding to Defendants. See generally Ex. 2 [UNDER SEAL].

14.   In addition, and in connection with the same subject matter as the above-referenced federal proceeding, Plaintiff also brought a civil action in federal court.

15.   At all times relevant hereto, Defendants were fully apprised of both of the forgoing federal proceedings.

16.   Indeed, Plaintiff also timely notified Defendants of the above-referenced proceedings in writing.

**<u>Defendants' Ongoing and Threatened Retaliation; Violations of U.S. Const., Amend. I and the Petition Clause.</u>**

17.   Notwithstanding the foregoing, instead of timely certifying, recommending, and/or approving Plaintiff for admission to the Florida Bar, in the spring of 2021, Defendants opted to retaliate against the undersigned for having initiated the above-referenced federal proceedings.

18. Indeed, on or about February 18, 2021—*i.e.*, **three (3) years** *after* Plaintiff's submission of his bar petition—Defendants electronically served Plaintiff with a "Notice to Appear for Investigative Hearing."

19. The above-mentioned "Investigative Hearing" was initiated and requested by Defendants Gavagni and Almon personally.

20. The actual, sole purpose of Defendants' "Investigative Hearing"—a hearing which they belatedly initiated three (3) years after the initial filing of the bar petition—was to retaliate against the undersigned for having initiated the above-referenced judicial proceedings, and to unlawfully coerce him into withdrawing the subject complaints therein.

21. Defendants all knew, or had reason to know, that there was no just cause and no lawful grounds for such an "Investigative Hearing."

22. Defendants' sole motive therefor was to harass, retaliate against, intimidate, and coerce the undersigned into withdrawing the above-referenced complaints.

23. In response to Defendants' "Notice to Appear for Investigative Hearing," Plaintiff replied to Defendant Almon personally in a letter dated February 19, 2021. Ex. 2 [UNDER SEAL].  Ex. 2 is hereby reincorporated by reference as if fully set forth and described herein.

24.   In his February 19, 2021 reply correspondence [Ex. 2], Plaintiff specifically requested that Defendants withdraw their request for an "Investigative Hearing."

25.   Without providing any explanation, Defendants categorically refused to withdraw their request for the above-referenced "Investigative Hearing."

26.   In further retaliation against the undersigned, Defendants knowingly opted to initiate a *separate* administrative proceeding against Plaintiff, naming Plaintiff himself as the respondent therein.

27.   In response to Plaintiff's February 19, 2021 letter to Defendant Almon, Defendant Gavagni replied via electronic correspondence dated March 4, 2021. Ex. 3.

28.   Defendant Gavagni's March 4, 2021 letter to Plaintiff stated, in pertinent part:

> The [FBBE] received your letter dated February 19, 2021 . . . . I direct your attention to [R]ule 3-22 of the Rules of the Supreme Court Relating to the Admissions to the Bar . . . . **An applicant or registrant who has been requested to appear for an investigative hearing <u>must promptly respond to written notice from the board and given notice of preferred dates</u>**.

(Emphasis in the original) Ex. 3.

29.   Further, in Defendants' March 4, 2021 correspondence, Defendants unambiguously threatened to "terminat[e]" Plaintiff's bar application on or before April 19, 2021. <u>Ibid.</u>

30. Through their acts and omissions described and alleged herein, Defendants deliberately and knowingly retaliated against Plaintiff for having initiated the two (2) subject federal proceedings by willfully depriving Plaintiff of, *inter alia*:

(i)  his constitutional, non-negotiable right to petition the judiciary for redress;

(ii)  the rights and benefits of practicing law in the State of Florida;

(ii)  his right to a *timely* disposition of his **February 16, 2018** bar petition, in violation of:

> (1)  the Supreme Court of the United States' holding in <u>Willner</u> v. <u>Comm. on Character & Fitness</u>, 373 U.S. 96 (1963); and

> (2)  Plaintiff's right to procedural due process pursuant to U.S. Const., Amend. XIV;

(iii)  Plaintiff's right to a *timely* "due process" hearing, as required as a matter of law pursuant to <u>Willner</u>, *supra*;

(iv)  the right to practice his own profession in the State of Florida; and

(v)  Plaintiff's right to obtain a government benefit and/or privilege (*viz.* a state-issued law license) without fear of retaliation by Defendants—or by any other person acting under color of state law—for Plaintiff's constitutionally-protected speech and whistleblower activities.

31.    But for Plaintiff's exercise of his constitutionally-protected speech, Defendants would not have engaged in *any* of the acts and omissions averred in the instant Verified Complaint.

**Defendants' Ongoing Violations of Plaintiff's Right to Procedural Due Process pursuant to U.S. Const., Amend. XIV; Defendants' Ongoing Violations of Plaintiff's Right to a Timely Disposition of the Bar Petition pursuant to *Willner* v. *Comm. on Char. & Fitness*, 373 U.S. 96 (1963).**

32.    Indeed, instead of *timely* admitting and/or certifying Plaintiff for admission, Defendants knowingly and deliberately deprived Plaintiff of his constitutional rights. These constitutional rights include, without limitation, Plaintiff's right to procedural due process in the subject bar petition and a *timely* disposition thereof.

33.    Notwithstanding the fact that Plaintiff's petition for admission was filed three (3) years earlier on **February 16, 2018**, Defendants unlawfully deprived Plaintiff of a *timely* "due process" hearing in violation of the holding of the Supreme Court of the United States in Willner v. Comm. on Character & Fitness, 373 U.S. 96 (1963).

34.    What is more, Defendants failed to inform Plaintiff of his right to counsel throughout the entire proceeding.

35.    In addition to the foregoing constitutional violations, Defendants also failed to provide Plaintiff any written notice setting forth the *precise*, specific

reasons for their belated February 18, 2021 "investigation." <u>See, e.g.</u>, <u>In re Berkan</u>, 648 F.2d 1386 (1st Cir. 1981).

## Defendants' Ongoing and Threatened Violations of the Supremacy Clause, U.S. Const., Art. VI, Cl. 2.

36.    Instead of allowing the federal courts to properly adjudicate and dispose of those federal proceedings, Defendants inexplicably opted to schedule an "Investigate Hearing" vis-à-vis the same underlying facts and circumstances of the two (2) federal court proceedings—allowing them to subpoena witnesses and documents, and even to compel the undersigned to take a polygraph test.

37.    Even assuming *arguendo* that there is a constitutionally-permissible reason for such an "Investigative Hearing"—and there is not—such an administrative proceeding is nonetheless violative of the Supremacy Clause because state agencies (and even state courts) are *de jure* prohibited from adjudicating any matters over which a federal court has already opted to exercise its subject-matter jurisdiction.

38.    In accordance with the "Rules of the Supreme Court Relating to Admissions to the Bar," after such an "Investigative Hearing" (which Defendants now request), Defendants will issue a written administrative determination.

39.    Such an administrative determination will include written findings of fact and law. For instance, Rule 3-23.7 expressly provides as follows:

3-23.7 <u>Findings of Fact and Conclusions of Law</u>. In cases involving a recommendation other than under rule 3-23.6(a), **<u>the board will expeditiously issue its written *Findings of Fact* and *Conclusions of Law.*</u>** The Findings must be supported by competent, substantial evidence in the formal hearing record. The Findings, conclusions, and recommendation are subject to review by the Supreme Court of Florida as specified under rule 3-40. The Findings, conclusions, and recommendation are final, if not appealed, except in cases involving a favorable recommendation for applicants seeking readmission to the practice of law after having been disbarred or having resigned pending disciplinary proceedings. In those cases, the board will file a report containing its recommendation with the Supreme Court of Florida for final action by the court. Admission to The Florida Bar for those applicants will occur only by public order of the court. **All reports, pleadings, correspondence, and papers received by the court in those cases are public information and exempt from the confidentiality provision of rule 1-60.**

(Emphasis supplied) <u>ibid.</u>

40.    Furthermore, Rule 3-20 *et seq.*, provide as follows:

3-20 <u>Investigative Process.</u>
3-21 <u>Inquiry Process.</u> The board will conduct an investigation to determine the character and fitness of each applicant or registrant. In each investigation and inquiry, **the board may obtain information pertaining to the character and fitness of the applicant or registrant and may take and hear testimony, administer oaths and affirmations, and *compel by subpoena the attendance of witnesses* and the production of documents.**

(Emphasis supplied) <u>ibid.</u>

41.    In addition to the foregoing, Rule 3-22 states as follows:

3-22 <u>Investigative Hearing</u>. An applicant or registrant may be requested to appear for an investigative hearing. Investigative

hearings will be informal but thorough, with the **object of ascertaining the truth. Technical rules of evidence need *not* be observed.** The admissibility of results of a **polygraph examination** will be determined in accordance with Florida law. An investigative hearing will be convened before a division of the board consisting of not fewer than 3 members of the board. Any member of the board may administer oaths and affirmations during the hearing.

(Emphasis supplied) ibid.

42.   Finally, Rule 3-22.5 states:

> 3-22.5 Board Action Following an Investigative Hearing. After an investigative hearing, the board may make any of the following determinations:
> a. The applicant or registrant has established his or her qualifications as to character and fitness.
> b. The board will offer to the applicant or registrant a Consent Agreement in lieu of the filing of Specifications pertaining to drug, alcohol, or psychological problems and subject to provisions of rule 5-15. In a Consent Agreement, the board is authorized to recommend to the court the admission of the applicant who has agreed to abide by specified terms and conditions on admission to The Florida Bar.
> **c. Further investigation into the applicant's or registrant's character and fitness is warranted.**
> **d. The board will file Specifications charging the applicant or registrant with matters that, if proven, would preclude a favorable finding by the board.**

(Emphasis supplied) ibid.

*     *     *

## COUNT I
### "Facial" and "As-Applied" Constitutional Challenge to the "Rules of the Supreme Court Relating to Admissions to the Bar" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and 42 U.S.C. § 1983 (against Defendants Gavagni and Almon in their *official* capacities)

43. The "Rules of the Supreme Court Relating to Admissions to the Bar" are violative of U.S. Const., Amend. I and the Petition Clause because, "as applied," they are used and enforced *selectively* to discriminate against persons such as Plaintiff who engage in constitutionally-protected First Amendment speech.

44. The "Rules of the Supreme Court Relating to Admissions to the Bar" are violative of U.S. Const., Amend. I and the Petition Clause because, "as applied," they allow government officials such as Defendants Gavagni and Almon to retaliate against persons such as Plaintiff for having engaged in constitutionally-protected speech.

45. The "Rules of the Supreme Court Relating to Admissions to the Bar" are violative of U.S. Const., Amend. I and the Petition Clause because, "as applied," they create an impermissible "chilling effect" on protected First Amendment speech.

46. Because the "Rules of the Supreme Court Relating to Admissions to the Bar" allow Defendants to "investigate" why a bar applicant opted to lawfully exercise his or her constitutional right to engage in protected speech, this

creates an unconstitutional "content-based burden" on speech which is subject to the heightened and exacting "strict scrutiny" review in this Court.

47.     Such spurious "investigations" into an individual's First Amendment speech allow the government to effectively punish citizens such as Plaintiff by knowingly depriving them of a government benefit (*viz.* a state-issued law license) and their right to practice their own trade and/or profession—even for many years, as plainly demonstrated by the case at bar.

48.     "As applied," the "Rules of the Supreme Court Relating to Admissions to the Bar" are unconstitutional pursuant to the Overbreadth Doctrine within the meaning of federal common law.

49.     "As applied," the "Rules of the Supreme Court Relating to Admissions to the Bar" are unconstitutional because they fail the "underinclusiveness" inquiry. See, e.g., City of Ladue v. Gilleo, 512 U.S. 43, 52 (1994).

50.     "As applied," the "Rules of the Supreme Court Relating to Admissions to the Bar" are unconstitutional because they constitute a bill of attainder, in violation of the Attainder Clause, *viz.* U.S. Const., Art. I § 9 ¶ 3.

51.     WHEREFORE, Plaintiff respectfully prays for a declaratory judgment against Defendants, declaring the "Rules of the Supreme Court Relating to Admissions to the Bar" to be unconstitutional "as applied" by Defendants herein.

## COUNT II
### Ex Parte Young Declaratory and Injunctive Relief
**(against Defendants Gavagni and Almon, solely in their *official* capacities)**

52. Ex Parte Young relief is authorized in this action because Plaintiff is only requesting prospective declaratory and injunctive relief for all ongoing and future harm. See, e.g., Edelman v. Jordan, 415 U.S. 651 (1974).

53. WHEREFORE, Plaintiff respectfully prays for Ex Parte Young declaratory and injunctive relief against Defendants Gavagni and Almon in their *official* capacities, enjoining them from engaging in all ongoing and prospective unlawful conduct.

## COUNT III
### First Amendment—Retaliation
### Express Right of Action under 42 U.S.C. § 1983
**(against Defendants Gavagni and Almon, solely in their *individual* capacities)**

54. At all times relevant hereto, Defendants acted, and continue to act, under color of state law.

55. Plaintiff is a "citizen of the United States" and a "person" eligible for the protection of 42 U.S.C. § 1983.

56. Defendants are all natural "persons" who are subject to 42 U.S.C. § 1983.

57. Plaintiff has a private right of action against Defendants pursuant to 42 U.S.C. § 1983.

58. At all times relevant hereto, Defendants impermissibly sought to retaliate and discriminate against Plaintiff for having petitioned the judiciary for redress—

a constitutionally-privileged activity pursuant to the Petition Clause of the First Amendment.

59.     As the Supreme Court of the United States held in <u>Bill Johnson's Restaurants, Inc.</u> v. <u>N.L.R.B.</u>, 461 U.S. 731, 741 (1983), the First Amendment "guarantees the fundamental right to file a lawsuit."

60.     As attorneys themselves, Defendants had actual knowledge of the fact that they were violating "clearly established constitutional rights." These rights include, without limitation: (1) Plaintiff's right, protections, and privileges under the First Amendment of the United States Constitution, to-wit, the Petition Clause.

61.     Because Defendants intended and knew that they were violating "clearly established constitutional rights," Defendants did not act under the cloak of any immunity, including, without limitation, qualified immunity.

62.     Because Defendants knowingly and deliberately violated Plaintiff's constitutional rights through the above-mentioned acts and omissions, Plaintiff is entitled to monetary and equitable relief pursuant to 42 U.S.C. § 1983.

63.     WHEREFORE, Plaintiff prays for: (1) declaratory and injunctive relief against all Defendants in their *official* capacities; and (2) an award of monetary damages against Defendants in their *individual* capacities.

## COUNT IV
**Fourteenth Amendment—Procedural Due Process**
**Express Right of Action under 42 U.S.C. § 1983**
**(against Defendants Gavagni and Almon, solely in their *individual* capacities)**

64.   At all times relevant hereto, Defendants acted, and continue to act, under color
of state law.

65.   Plaintiff is a "citizen of the United States" and a "person" eligible for the
protection of 42 U.S.C. § 1983.

66.   Defendants are all "persons" who are subject to 42 U.S.C. § 1983.

67.   Plaintiff has an express private right of action against Defendants pursuant to
42 U.S.C. § 1983.

68.   At all times relevant hereto, Defendants impermissibly sought to retaliate and
discriminate against Plaintiff for having engaged in constitutionally-
privileged and protected activities.

69.   As attorneys themselves, Defendants had actual knowledge of the fact that
they were violating "clearly established constitutional rights." These rights
include, without limitation: Plaintiff's right to procedural and substantive due
process vis-à-vis admission to the Florida bar; *timely* investigations and timely
admission; and a *timely* disposition of the petition.

70.   By waiting three (3) entire years to finally initiate an "Investigative Hearing,"
and by failing to timely grant Plaintiff a due process hearing within this

prolonged three-year period, Defendants have violated, and continue to violate, Plaintiff's right to procedural due process.

71. By denying Plaintiff his right to a timely disposition of his bar application, Defendants have knowingly and deliberately violated the Supreme Court of the United States' holding in <u>Willner</u> v. <u>Comm. on Character & Fitness</u>, 373 U.S. 96 (1963).

72. Because Defendants intended and knew that they were violating "clearly established constitutional rights," Defendants did not act under the cloak of any immunity, including, without limitation, qualified immunity.

73. Because Defendants knowingly and deliberately violated Plaintiff's constitutional rights through the above-mentioned acts and omissions, Plaintiff is entitled to monetary and equitable relief pursuant to 42 U.S.C. § 1983.

74. WHEREFORE, Plaintiff respectfully prays for: (1) declaratory and injunctive relief against all Defendants in their *official* capacities; and (2) an award of monetary damages against Defendants in their *individual* capacities.

## COUNT V
### Supremacy Clause
### Implied Right of Action
### (against Defendants Gavagni and Almon in their individual and official capacities)

75.  The subject matter of Defendants' "investigation" is the exact same subject matter of the subject ongoing federal proceedings.

76.  Defendants' "investigation" pertains to the same subject matter of the federal proceeding referenced in Ex. 1 of this Complaint.

77.  Defendants and their agents have deliberately interfered with the above-referenced federal proceedings.

78.  Pursuant to the Supremacy Clause of Art. VI, Cl. 2, the United States Constitution and federal law constitute the "supreme Law of the Land[,]" and take priority over any and all conflicting state laws and proceedings thereunder. This includes, without limitation, the above-referenced federal proceedings.

79.  As a matter of settled law, state courts and agencies such as the FBBE are barred from issuing any and all judicial and/or administrative rulings that may potentially contradict the decisions of Article III federal courts pursuant to the Supremacy Clause—nor may they issue any decisions which may potentially interfere with the same. See, e.g., Ableman v. Booth, 62 U.S. 506 (1859); Second Employers' Liability Cases, 223 U.S. 1, 58 (1912); Washington v.

Washington State Commercial Passenger Fishing Vessel Ass'n; 443 U.S. 658, 695 (1979).

80.    The Supreme Court of the United States has consistently held that, where Congress has specifically intended to act in an area, this automatically triggers the enforcement of the Supremacy Clause and completely nullifies the state action. See, e.g., California v. ARC America Corp., 490 U.S. 93 (1989).

81.    Even where state action is not in *direct* conflict with a federal law, it is still violative of the Supremacy Clause if the "state law is an obstacle to the accomplishment and execution of Congress's full objectives." Crosby v. National Foreign Trade Council, 530 U.S. 363 (2000). Congress need not expressly assert any preemption over state laws either, because Congress may implicitly assume this preemption under the Constitution. Id. at 286-88.

82.    In the case at bar, Defendants have all engaged in, and continue to engage in, "state action" by, *inter alia*: (1) individually and jointly investigating the subject matter of the proceeding referred to in Ex. 1; (2) seeking to hold hearings in connection with the said proceedings, subpoena witnesses and documents, and order polygraph tests; and (3) by seeking to issue findings of fact and law in connection with the exact same subject matter as the aforesaid federal proceedings.

83.   Such "state action" is specifically barred under the Supremacy Clause, and is preempted by federal law because Congress has specifically delineated the jurisdiction of the above-referenced proceedings by enacting a specific federal statute.

84.   Plaintiff has standing to assert a Supremacy Clause claim herein because Defendants' ongoing violations of the Supremacy Clause have harmed, and continue to harm, Plaintiff's own legal rights and interests.

85.   WHEREFORE, Plaintiff respectfully prays for injunctive and declaratory relief against all Defendants in their individual and official capacities pursuant to the Supremacy Clause, Art. VI, Cl. 2.

*        *        *

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all claims, issues, and questions of fact so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** premises considered, Plaintiff respectfully prays that this Honorable Court:

(i)   Enter judgment in favor of Plaintiff and against Defendants on all Counts herein;

(ii)    Issue a mandatory injunction and order permanently barring and enjoining Defendants from further engaging in such unlawful conduct;

(iii)   Grant declaratory relief against Defendants in both their individual and official capacities for all of the unlawful acts and omissions described herein;

(iv)   Award Plaintiff all available monetary damages against Defendants in their *individual* capacities sustained as a result of their unlawful conduct pursuant to all counts herein, including, but not limited to:

    (a)  monetary compensation for the directly-foreseeable economic harm of being unduly prevented from practicing his trade and profession within the State of Florida;

    (b)  monetary compensation vis-à-vis all lost future earnings and/or future economic benefits;

    (c) monetary compensation for all past losses, together with ongoing losses;

    (d) monetary compensation for Plaintiff's loss of professional, social, personal, and academic reputations; and

    (e) damages for mental anguish, emotional distress, humiliation, depression, embarrassment, stress, anxiety, loss of self-esteem, loss of self-confidence, loss of personal dignity, emotional pain and suffering, and all other related physical or mental injuries;

(v)    Award punitive damages against Defendants in their individual capacities as permitted under 42 U.S.C. § 1983, *inter alia*, in an amount to be determined at trial;

(vi)   Award actual damages against Defendants in their individual capacities in an amount to be determined at trial;

(vii)  Award Plaintiff attorneys' fees[1], costs, and pre- and post-judgment interest; and

(viii) Grant such further relief as this Court may deem just and proper.

At Cambridge, Massachusetts,                    Respectfully submitted,
This 3rd Day of June, 2021

                                                JONATHAN MULLANE
                                                30 Donnell Street
                                                Cambridge, MA 02138
                                                Tel.: (617) 800-6925
                                                j.mullane@icloud.com

---

[1] Should any such expenses be incurred by the undersigned in the instant proceeding.

## VERIFICATION

COMMONWEALTH OF MASSACHUSETTS,   )  ss.
COUNTY OF MIDDLESEX.                         )

    I, JONATHAN MULLANE, under oath, do hereby affirm and state that I have reviewed the within filing, and, based upon my own personal knowledge, hereby verify and affirm that the allegations contained therein are true and accurate, and hereby certify that no material facts have been omitted therefrom.

    SUBSCRIBED AND SWORN TO under the pains and penalties of perjury under the laws of the United States of America this 3rd Day of June, 2021.

                                       JONATHAN MULLANE

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on June 3, 2021 he duly served a true copy of the foregoing filing on each party herein via electronic correspondence, specifically addressed as follows: jdean@lawfla.com

                                       JONATHAN MULLANE





ORIGIN ID:DUTA   (617) 800-6925
JONATHAN MULLANE
MULLANE MICHEL & MCINNES
30 DONNELL ST

CAMBRIDGE, MA 02138
UNITED STATES US

SHIP DATE: 03JUN21
ACTWGT: 0.30 LB
CAD: 6990622/SSF02201

BILL THIRD PARTY

TO   CLERK OF COURT
UNITED STATES COURTHOUSE
111 N ADAMS ST STE 322

TALLAHASSEE FL 32301
(000) 000-0000                    REF1
                                  REF1



FedEx
Express

E

REF#
3786346

TRK#
0201   7879 1473 1526

FRI – 04 JUN 10:30A
PRIORITY OVERNIGHT

XH TLHA                          32301
                          FL-US   TLH