UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

Case No. 4:21-CV-00164-MW-MJF

JONATHAN MULLANE,

        *Plaintiff*,

v.

JAMES T. ALMON, and
MICHELE A. GAVAGNI,

        *Defendants.*

        **Hearing Requested**

_____/

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Plaintiff Jonathan Mullane ("Plaintiff") in the above-captioned cause, and hereby respectfully request expedited discovery in this matter pursuant to Fed. R. Civ. P. 16(b), 26(d), 30(a)(2)(A)(iii), 34(b), 45, and L.R. 26.1. In support hereof, Plaintiff would show unto the Honorable Court the following:

1.    This action was filed in this Court on April 16, 2021.

2.    District courts have broad discretion to manage the timing of discovery. See, e.g., Integra Bank N.A. v. Trans Continental Airlines, Inc., 2007 U.S. Dist. LEXIS 7781, *7 (M.D. Fla. Feb. 2, 2007) (the Federal Rules of Civil Procedure "expressly provide that a court may shorten the time for a party to

FILED USDC FLND TL
JUN 15 '21 AM 10:26

provide discovery"); <u>Klay</u> v. <u>All Defendants</u>, 425 F.3d 977, 982 (11th Cir. 2005) (courts have "broad discretion in managing pretrial discovery matters" (quoting <u>Perez</u> v. <u>Miami-Dade Co.</u>, 297 F.3d 1255, 1263 (11th Cir. 2002)); F. R. Civ. P. 26(d) (permitting deviation from normal rule when "authorized . . . by order").

3. The Federal Rules of Civil Procedure contemplate that discovery may be expedited in appropriate circumstances. Fed. R. Civ. P. 30(a)(2)(A)(iii), 33(a), 33(b)(2), 34(b), and 45.

4. **Here, expedited discovery is required as it would assist Plaintiff in determining whether a motion for a preliminary injunction is necessary and/or in the interests of judicial economy.**

5. It is well settled that expedited discovery is particularly appropriate in the preliminary injunction context. <u>See, e.g.</u>, <u>Fimab-Finaziaria Maglificio Biellese Fratelli Fila Sp.A. et al.</u> v. <u>Helio Import/Export, Inc., et al.</u>, 601 F. Supp. 1, 3 (S.D. Fla. 1983); <u>Ellsworth Assocs., Inc.</u> v. <u>United States</u>, 917 F. Supp. 841 (D. D.C. 1996). Such discovery "better enables the court to judge the parties' interests and respective chances for success on the merits." <u>Educata Corp.</u> v. <u>Scientific Computers, Inc.</u>, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (granting expedited discovery), <u>aff'd in part and appeal dismissed in part</u>, 746 F.2d 429 (8th Cir. 1984).

6. Moreover, "[c]ourts allow discovery to identify Doe defendants, and courts allow expedited discovery where good cause is shown." Pioneer Hi-Bred Int'l, Inc. v. Does, Case No. 12- 06046-CV-SJ-DGK, 2012 WL 12910607, at *1 (W.D. Mo. May 18, 2012) (granting expedited discovery from non-party to identify Doe Defendants' identities).

7. Because no "good cause" exists for further unnecessary delays in the resolution of this litigation, and because this action implicates serious and important First Amendment concerns, an order granting expedited discovery is required in this particular instance.

8. **Pursuant to federal common law, expedited attention *must* be given to cases involving First Amendment interests**. See e.g., Action for Children's Television v. FCC, 59 F.3d 1249, 1259 (D.C. Cir. 1995) (finding that "possibility that the agency's actions *might* similarly run afoul of the First Amendment demands prompt judicial scrutiny"); Bernard v. Gulf Oil Co., 619 F.2d 495, 470 (5th Cir. 1980) ("Fragile First Amendment rights are often lost or prejudiced by delay . . . . Courts have therefore been commendably willing to expedite proceedings involving First Amendment rights."), aff'd, 452 U.S. 89 (1981); National Student Ass'n v. Hershey, 412 F.2d 1103, 1115 (D.C. Cir. 1969) (recognizing "urgency of prompt protection for frail First Amendment interests"); Potwora v. Dillon, 386 F.2d 7, 76 (2d Cir. 1967) (hearing case on

expedited basis "[i]n light of plaintiffs' representation that the order deprived them of important First Amendment rights").

9. Moreover, "[t]he public interest is best served by expeditious disposition of cases raising First Amendment issues." Auvil v. CBS "60 Minutes", 800 F. Supp. 928, 937 (E.D. Wash. 1992). Collin v. Smith, 447 F. Supp. 676, 680 (N.D. Ill. 1978) (ordering "trial on an expedited schedule in view of the compelling national interest in prompt resolution of cases implicating First Amendment freedoms"); American Camping Ass'n v. Whalen, 465 F. Supp. 327, 330 (S.D.N.Y. 1978) (finding a "prompt trial on the merits is required" with First Amendment rights at stake).

10. **Courts have shown little to no tolerance for any attempt to inhibit free expression that does not permit a prompt administrative and/or judicial review of the efforts to repress speech. Indeed, the Supreme Court of the United States has consistently held that there exists a "*constitutional* need to avoid 'undue delay result[ing] in the unconstitutional suppression of protected speech.'"** City of Littleton v. Z. J. Gifts D-4, L.L.C., 541 U.S. 774, 782 (2004) (quoting FW/PBS, Inc. v. Dallas, 493 U.S. 215, 228 (1990)); see Freedman v. State of Maryland, 380 U.S. 51, 59-60 (1965) (providing mechanism for prompt review is necessary to avoid offending constitutional protections); see also Collin v. Smith, 578 F.2d 1197, 1209 (7th Cir. 1978)

("We have endeavored to expedite decision, because to delay the exercise of First Amendment rights in itself burdens them and may risk their destruction."); Quarter Action Group v. Hickel, 421 F.2d 1111, 1116 (D.C. Cir. 1969) (noting that "***any* delay in the exercise of First Amendment rights constitutes an irreparable injury to those seeking such exercise**" (citation omitted)).

11. In the case at bar, the specific, identifiable harm that Plaintiff *continues* to suffer as a result of Defendants' conduct is clear: continued loss of employment and further economic harm. Thus, there can be no countervailing interest of Defendants which would come anywhere close to outweighing Plaintiff's non-negotiable, First Amendment interest in obtaining a timely resolution to this matter, and to immediately proceeding to a timely trial on the merits.

12. No party to this proceeding will be unduly prejudiced by the allowance of the relief requested herein.

## L.R. 7.1(K) REQUEST FOR HEARING

Pursuant to L.R. 7.1(d), Plaintiff hereby respectfully requests a hearing on this motion, as he believes a hearing would greatly benefit and assist this Court in considering the merits hereof. Plaintiff estimates that such a hearing would require no more than 30 minutes via telephone or video conference.

## CONCLUSION

**WHEREFORE,** premises considered, Plaintiff respectfully prays that this Honorable Court enter an order allowing the parties to conduct discovery on an expedited basis and without further delay.

At Cambridge, Massachusetts,
This 14th Day of June, 2021

Respectfully submitted,

/s/ Jonathan Mullane
JONATHAN MULLANE
30 Donnell Street
Cambridge, MA 02138
Tel.: (617) 800-6925
j.mullane@icloud.com

## L.R. 7.1(F) CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing filing comports with the word limitation of L.R. 7.1(F) and contains 1,103 words, excluding the parts exempted by the said Rule.

/s/ Jonathan Mullane
JONATHAN MULLANE

## L.R. 7.1(a)(2) CERTIFICATION

In accordance with L.R. 7.1(a)(2), the undersigned hereby certifies that on June 10 and 11, 2021, he conferred with counsel for Defendants via email correspondence, who did not give his assent to the relief requested herein.

/s/ Jonathan Mullane
JONATHAN MULLANE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2021 he duly served a true copy of the foregoing filing on each party herein via electronic correspondence, specifically addressed as follows: jdean@lawfla.com.

/s/ Jonathan Mullane
JONATHAN MULLANE

Jonathan Mudlane
30 Donnell Street
Cambridge, MA 02138-1352

Clerk of Court
UNITED STATES COURTHOUSE
111 N. Adams Street
Tallahassee, FL 32301-7730

