IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JONATHAN MULLANE,

    *Plaintiff*,

v.                                              Case No.: 4:21cv164-MW/MJF

JAMES ALMON and MICHELLE
GAVAGNI,

    *Defendants*.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This Court has considered, without hearing, Plaintiff's *pro se* motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). "Rule 60(b) allows a party to seek relief or reopen his case based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and (6) 'any other reason that justifies relief.' " *Whipple v. Fla. Dep't of Corr.*, No. 16-16581-E, 2017 WL 11637289, at *2 (11th Cir. Oct. 25, 2017) (citing Fed. R. Civ. P. 60(b)). Here, Plaintiff asserts he is entitled to relief based on Rule 60(b)(1) ("mistake"), (4) ("the judgment is void"), and (6) ("any other reason that justifies relief").

Generally, a judgment is void under Rule 60(b)(4) if the court that rendered the judgment lacked jurisdiction, or if it acted in a manner inconsistent with due

process of law. *Watson v. Sec'y, Fla. Dep't of Corr.*, No. 18-10863-H, 2018 WL 11335910, at *2 (11th Cir. May 22, 2018) (citing *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)). And "[t]o qualify for relief under Rule 60(b)(6), the moving party must demonstrate that the circumstances are 'sufficiently extraordinary' to warrant relief." *Id*. (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)).

"Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291–92 (11th Cir. 2004), *aff'd on other grounds sub nom. Gonzalez v. Crosby*, 545 U.S. 524 (2005). "Rather, the aim of Rule 60(b) was to allow a district court to grant relief when its judgment rests upon a defective foundation." *Id*. Plaintiff raises several arguments for reconsideration of this Court's Order adopting the report and recommendation and judgment entered May 10, 2022, none of which entitle Plaintiff to relief. This Court addresses them in turn.

First, Plaintiff asserts that in light of the Supreme Court's recent decision in *Axon Enterprise Inc. v. Federal Trade Commission*, 143 S. Ct. 890 (2023), "it is now settled law that persons such as Plaintiff who wish to challenge the constitutionality of the proceedings and/or procedural rules [of agencies] . . . are always entitled to bring an independent action in federal court . . . ." ECF No. 60 at 4. Not so. *Axon* dealt with whether two plaintiffs could proceed with constitutional challenges to

2

federal agency action in federal district court. The case says nothing about challenges to state agency action or *Younger* abstention and is inapplicable here.

Second, Plaintiff asserts this Court should reconsider its "finding" of "gamesmanship" in its prior Order, asserting that his decision to withdraw his pending bar application to circumvent *Younger* was permissible in light of *Jackson v. Office of the Mayor of D.C.*, 911 F.3d 1167 (D.C. Cir. 2018). ECF No. 60 at 6. But Plaintiff ignores binding authority, which this Court cited in its Order adopting the report and recommendation, stating that the date of filing of the federal complaint is the relevant date for purposes of determining *Younger* 's applicability. *See* ECF No. 55 at 2 (citing *Liedel v. Juvenile Court of Madison Cty., Ala.*, 891 F.2d 1542, 1546 n.6 (11th Cir. 1990)). Accordingly, even though Plaintiff withdrew his pending bar application to apparently attempt to circumvent *Younger*'s application, his bar application was pending on the date he filed his original complaint in this case and *Younger* still applied under binding Eleventh Circuit precedent.

Third, Plaintiff asserts his claims remain justiciable, as he takes issue with this Court's observation that the controversy appeared to have been mooted by his withdrawal of the bar application. ECF No. 60 at 7. But Plaintiff's arguments fail to take into account the Magistrate Judge's correct recommendation that Plaintiff's claims remain barred by *Younger* and quasi-judicial immunity.

Fourth, Plaintiff succinctly restates his arguments for why Defendants are not entitled to quasi-judicial immunity. ECF No. 60 at 8. But he cannot use a Rule 60 motion to relitigate the merits of claims or defenses. Thus, his attempt to do so here is rejected.

Fifth, Plaintiff again attempts to relitigate the merits of his claims, citing *Carr v. Saul*, 141 S. Ct. 1352 (2021). ECF No. 60 at 9. His attempt to do so here is also rejected.

Sixth, Plaintiff asserts this Court erred in dismissing Plaintiff's claims for damages with prejudice because Defendants are entitled to quasi-judicial immunity, while also dismissing his claims for declaratory and injunctive relief without prejudice, pursuant to *Younger*. Not so. This Court clearly stated which claims were dismissed with and without prejudice and for which reasons. Claims dismissed pursuant to *Younger* are without prejudice. *Hale v. Pate*, 694 F. App'x 682, 685 (11th Cir. 2017). Plaintiff's damages claims were dismissed, pursuant to quasi-judicial immunity, with prejudice. *Survivor v. Our Kids of Miami-Dade/Monroe, Inc.*, 2013 WL 12094395, *1 n.2 (S.D. Fla. Oct. 29, 2013) ("Because dismissal with prejudice is proper under a theory of quasi-judicial immunity, the Court does not address Defendants arguments regarding the litigation privilege.").

Finally, Plaintiff asks this Court to set aside a separate Order by the Magistrate Judge in which the Magistrate Judge *sua sponte* struck Plaintiff's complaint. But this

4

Order was apparently entered nearly two years ago and is unrelated to this Court's Order that is the subject of the motion for reconsideration. *See* ECF No. 7. Plaintiff's motion is untimely inasmuch as he bases this request on Rule 60(b)(1). *See* Fed. R. Civ. P. 60(c)(1) (noting that motion for reconsideration pursuant to Rule 60(b)(1) must be made no more than a year after entry of the order). Likewise, this Court rejected Plaintiff's appeal of this nonfinal order almost two years ago. *See* ECF No. 9. And Plaintiff has failed to demonstrate "sufficiently extraordinary" circumstances to warrant relief with respect to the non-final order striking his complaint in May 2021.

Accordingly, this Court finds Plaintiff has offered no new evidence or arguments to warrant relief under Rule 60(b). Therefore, his motion for reconsideration, ECF No. 60, is **DENIED**. The Clerk shall close the file.

**SO ORDERED on May 10, 2023.**

s/Mark E. Walker<br>
**Chief United States District Judge**